IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TERRY HUNTER and
LAVERNE HUNTER                                                                                  PLAINTIFFS

VS.                                                                                     CASE NO. 1:05CV219

CITICORP TRUST BANK, et al                                                              DEFENDANTS

## ORDER

Defendant Citicorp Trust Bank ("CitiCorp") has filed a motion to compel arbitration and to stay this action. In support of this motion, defendant notes that, as part of a November, 2002 financing transaction, plaintiff Terry Hunter signed a document whereby he agreed to arbitrate any claims which he might have against Citicorp.[1] Congress provided in the Federal Arbitration Act (FAA) that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The effect of this section is "to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

This appears to be an entirely straight-forward arbitration motion, and the court can see no reason whatsoever as to why the arbitration provision should not be enforceable against

---

[1] Although it thus appears that Terry Hunter was the only one of the plaintiffs to have actually signed the financing agreement, it is apparent that any claim which Laverne Hunter might have against CitiCorp is derivative of Terry Hunter's rights under that contract. The court accordingly concludes that the arbitration provision is enforceable against both plaintiffs, and plaintiffs submit no arguments to the contrary.

1

plaintiffs. Indeed, plaintiffs submit essentially no arguments in opposition to the motion other than a conclusory response in which they "deny that this case is subject to arbitration" and request a "bifurcated inquiry" on this issue. In the court's view, such a response does not serve to rebut CitiCorp's detailed arguments and proof in favor of arbitration. The court accordingly concludes that CitiCorp's motion to compel arbitration and to stay this action as to plaintiffs' claims against CitiCorp is granted.

In light of the foregoing, it is ordered that CitiCorp's motion to compel arbitration and to stay this action as to plaintiffs' claims against CitiCorp is granted.[2]

SO ORDERED this 31st day of May, 2006.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**

---

[2]CitiCorp apparently seeks to stay this action as to all defendants. At this juncture, however, there has not been a sufficient showing which would justify a stay as to plaintiffs' claims against any defendant other than CitiCorp.